(C.D. 2399)

GEHRIG, HOBAN & CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 22, 1963)

*Lamb & Lerch* (*John G. Lerch* of counsel) for the petitioner.
*John W. Douglas,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the respondent.

Before Donlon and Richardson, Judges

Richardson, Judge: Petitioner has filed a petition to obtain a remission of additional duties paid upon an importation of wool knit outerwear, exported from Austria and entered at New York on February 6, 1951. It is claimed that, in undervaluing the involved merchandise, petitioner did not intend to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

In support of the allegations of the petition, petitioner offered the testimony of two witnesses, namely, Alfred Bass, former traffic manager in the employ of the ultimate consignee, Bernhard Altmann Corp., and Herman C. Stone, a customhouse broker of the petitioning importer firm. The respondent offered no evidence. From the testimony adduced at the hearing and other evidence of record, it appears that the importer entered the involved merchandise on the basis of the statutory cost of production valuation, using in that valuation the actual cost paid for the yarn used in the manufacture of the merchandise. Sometime in 1951, after conferences with the ultimate consignee and the petitioner herein, the appraiser decided upon a different method of valuation of the yarn, namely, the open market value of the yarn. This change in method of valuation resulted in an increased valuation of the involved merchandise over the value on which entry had been made. The ultimate consignee and the petitioner cooperated with the appraiser in supplying information on the cost of production figures. And there is nothing in the record to indicate that any of the figures which were supplied the appraiser by them were inaccurate, incomplete, or misleading.

It further appears that the instant entry was to have been made the subject of a test case on the question of the yarn valuation basis adopted by the appraiser in 1951, in line with which expectation an amendment to the involved entry was made to approximate the anticipated advance in value, and a reappraisement appeal was thereafter duly filed. However, before the issues in the reappraisement appeal could be brought to trial, the same question was finally resolved ad-

verse to the importer by the Court of Customs and Patent Appeals in the case of *Charles Stockheimer et al.* v. *United States*, 44 CCPA 92, C.A.D. 642, in consequence of which final appraisement of the involved merchandise was made herein on the basis of the appraised values (see decision and judgment, dated May 31, 1960, in *Gehrig, Hoban & Co., Inc.* v. *United States*, reappraisement No. 259130–A, etc.).

This court has power, under former 19 U.S.C.A., section 1489 (former section 489, Tariff Act of 1930), to remit the additional duties paid upon an importation where a petition therefor has been timely filed and supported by satisfactory evidence that, in undervaluing the subject merchandise, the petitioner did not intend to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. Upon the evidence of record, we are of the opinion that petitioner has sustained the statutory burden of proof cast on it. It is apparent that the undervaluation of the involved merchandise was motivated by a genuine difference of opinion between petitioner and the Government appraiser regarding the proper basis of yarn valuation to be used; that petitioner made candid disclosure of all pertinent information it possessed when requested to do so by appraising officers; and that the pursuit of legal remedies by petitioner to sustain its contention was undertaken in good faith. Under these circumstances, the petition is granted.

Judgment will be entered accordingly.